# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Victor James Somers, Sr.,
Administrator

v.

Jason Gregory Brown et al.

December 16, 1999

Case No. CL99-54

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether a plea agreement made in a criminal proceeding is admissible against that defendant in a civil action arising out of the same occurrence.

## Background Facts

Jason Gregory Brown, 16, was the operator of a motor vehicle involved in a single-car crash on June 19, 1998, that fatally injured three teen-aged passengers. This wrongful death action ensued. The administrators of the estates of the other two passengers also have instituted wrongful death actions. All three cases are awaiting trials in this court.

Brown was charged in juvenile petitions with three counts of involuntary manslaughter. On appeal to circuit court, he entered guilty pleas pursuant to a written plea agreement. On July 2, 1999, the court accepted the guilty pleas, approved the plea agreement, found Brown guilty, and sentenced him in accordance with the agreement. That proceeding is ended.

In this civil action, the plaintiff moves the court, in limine, to rule upon the admissibility of Brown's plea agreement in the trial of this case. The

motion, among others, was heard on November 29, 1999, and taken under advisement.

*Decision*

Virginia Code § 8.01-418 provides:

> Whenever, in any civil action, it is contended that any party thereto pled guilty or nolo contendere or suffered a forfeiture in a prosecution for a criminal offense or traffic infraction which arose out of the same occurrence upon which the civil action is based, evidence of said plea or forfeiture as shown by the records of the criminal court shall be admissible ... .

Hence, the fact that Brown pleaded guilty to involuntary manslaughter on July 2, 1999, is admissible against him in this civil action.

Brown points out that his guilty plea was an "*Alford*" plea. An *Alford* plea is a guilty plea entered into by a defendant in connection with a plea bargain without actually admitting guilt. Black's Law Dictionary (7th ed. 1999), p. 71. In *North Carolina v. Alford*, 400 U.S. 25 (1970), the U.S. Supreme Court held that a trial court may accept such a guilty plea without violating the defendant's constitutional rights as long as the plea represents a voluntary, knowing, and intelligent choice among the available options.

In some respects, an *Alford* plea is similar to a plea of nolo contendere, in which the defendant merely states that he does not wish to contest the charge against him. In other respects, however, an *Alford* plea is "stronger" than a plea of nolo contendere because by making an *Alford* plea the defendant not only declines to contest the accusations but admits that the accusations are of such strength and persuasion that he does not wish to risk a trial and the attendant sentencing.

At bottom, an *Alford* plea is a species of guilty plea and is treated as such.

Almost thirty years have elapsed since *North Carolina v. Alford* was decided. Since then *Alford* pleas have become routine. Nevertheless, the General Assembly, which is presumed to know the law, has not seen fit to revise § 8.01-418 to remove the *Alford*-type pleas from the purview of the statute.

Therefore, it is the court's opinion that a guilty plea made pursuant to the *Alford* case, a so-called *Alford* plea, is a "guilty plea" within the reach of § 8.01-418 and is admissible against the defendant in a civil action arising out of the same occurrence.

The court's opinion is bolstered by the fact that even a plea of nolo contendere, in which the defendant admits nothing and merely declines to contest the charge, is similarly admissible in a civil action.

The best evidence of Brown's guilty plea is the conviction order. See *Commonwealth v. Jason G. Brown*, Nos. CJ99-7, CJ99-8, and CJ99-9.

Instead, the plaintiff wishes to offer the plea agreement at trial.

The plea agreement consists of seven pages, plus some attachments, signed by Brown, his attorney, the Commonwealth's Attorney, and the trial judge. It contains detailed recitations and acknowledgments regarding Brown's rights in the criminal proceeding, wholly irrelevant to the civil case. It contains a two-page summary of the facts which Brown stipulates could have been proven by the prosecution. It also contains the Commonwealth's recommendation for sentencing.

Admission of the plea agreement is not the proper manner by which to prove that Brown pleaded guilty to involuntary manslaughter. The agreement contains extraneous and prejudicial material that has no relevance to the issues in the civil action. It does not memorialize the court's ultimate decision in the case whereas the conviction order does.

## Conclusion

The plea agreement made by Brown in the criminal proceeding which arose out of this occurrence will not be admitted in evidence under § 8.01-418, or under any other theory, at the trial of this civil case, for the purpose of proving that Brown pleaded guilty to involuntary manslaughter. However, the court construes § 8.01-418 to permit the plaintiff to offer proper proof of the guilty plea, i.e., the conviction order, at trial.

No one has suggested that the records are "silent or ambiguous" as to whether such a guilty plea was made. Therefore, the second portion of the statute, which deals with such instances, is inapposite. Also, no one has suggested that the result should be different because the defendant is a juvenile. Therefore, that issue is not before the court. The court merely notes that the statute makes no distinction between adult and juvenile offenders.